## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DUSTI PATTERSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 3:17-cv-853 |
| | ) |
| v. | ) Judge: |
| | ) |
| ALLTRAN FINANCIAL, LP, | ) Magistrate: |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, DUSTI PATTERSON ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, ALLTRAN FINANCIAL, LP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Livingston, LA.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Houston, Texas.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. A principal purpose of Defendant's business is the collection of debts allegedly owed to third parties or using a trade name.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or using a trade name.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication,

such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household purposes.

19. On or around May 4, 2017, Defendant sent Plaintiff a collection letter (the "Letter") in an attempt to collect an alleged Chase Bank USA, N.A. ("Chase") debt (the "Debt").

20. Defendant's Letter provided a past due amount of $6,117.15, which was inaccurate.

21. Plaintiff disputed the Debt and demanded validation thereof pursuant to 15 U.S.C. § 1692g.

22. In response, Chase sent Plaintiff a statement with a different past due balance and a different total amount due.

23. Defendant's letter provided no possible explanation for the discrepancy.

24. Shortly thereafter, Plaintiff received a letter from Chase stating Chase had cancelled Plaintiff's settlement agreement with Chase and may send her account to a debt collection agency.

25. Upon information and belief, Defendant did not have authority to collect the Chase Debt when it communicated with Plaintiff.

26. Defendant's Letter falsely represented that character and amount of the Debt.

27. Defendant used false representations or deceptive means in its attempt to collect the Debt from Plaintiff.

28. Defendant's Letter and collection tactics were false, deceptive, and misleading.

29. Defendant used unfair means in its attempts to collect the Debt from Plaintiff.

30. Defendant attempted to collect amounts not authorized by contract or law.

31. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

32. Defendant's collectors are familiar with the FDCPA.

33. Plaintiff suffered mental and emotional distress due to Plaintiff's collection tactics.

## VIOLATIONS OF THE FDCPA

34. The preceding paragraphs are incorporated as if fully stated herein.

35. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

36. Defendant is liable under 15 U.S.C. § 1692f for using unfair debt collection methods.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.

4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.

5. Any other relief that this Court deems appropriate.

DATED:  October 4, 2017              RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff